Wang v. Garland

BIA
Brennan, IJ
A202 035 766

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-two.

PRESENT:
>        JON O. NEWMAN,
>        MICHAEL H. PARK,
>        STEVEN J. MENASHI,
>            *Circuit Judges.*

_____

HAIYING WANG,
>        *Petitioner*,

>        v.                                          20-2835
>                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Troy Nader Moslemi, Esq.,
                         Flushing, NY.

**FOR RESPONDENT:**                    Brian Boynton, Acting Assistant
                                      Attorney General; Brianne Whelan
                                      Cohen, Senior Litigation Counsel;
                                      Todd J. Cochran, Trial Attorney,
                                      Office of Immigration Litigation,
                                      United States Department of
                                      Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haiying Wang, a native and citizen of the People's Republic of China, seeks review of a July 31, 2020 decision of the BIA affirming a July 2, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haiying Wang,* No. A 202 035 766 (B.I.A. July 31, 2020), *aff'g* No. A 202 035 766 (Immigr. Ct. N.Y.C. July 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

Wang had the burden to demonstrate her eligibility for asylum, *i.e.*, that she had a well-founded fear of persecution in China because she began practicing Christianity in the United States and the Chinese government discovered that she had sent religious materials to China. *See* 8 U.S.C. § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or

responsiveness of the applicant . . . the inherent plausibility" of the applicant's account, and inconsistencies within and between an applicant's statements and evidence "without regard to whether" they go "to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably concluded that Wang failed to meet her burden given her lack of credible testimony or reliable corroboration. Specifically, the agency reasonably concluded that Wang's evidence of church attendance was vague and inconsistent. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony . . . the IJ or the INS may fairly wonder whether the testimony is fabricated."), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296 (2d Cir. 2007). Wang initially testified that she began attending church in 2013 and attended two to

4

three times a month, but upon further questioning, stated that she attended weekly, then said she attended once or twice a month. Wang's husband testified that she went to church about twice a month in 2015, and weekly in 2016, but Wang testified that her attendance was "similar" in 2015 and 2016. R. at 98. The agency did not err in relying on this vague testimony, particularly as efforts to elicit details revealed inconsistencies. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) ("[R]equiring IJs to solicit additional details from witnesses before rejecting their testimony as incredible on vagueness grounds serves a useful prophylactic purpose . . . ").

Wang also did not adequately corroborate her church attendance. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28–29 (2d Cir. 2018) ("[W]here . . . 'the trier of fact determines that the applicant should provide evidence that

5

corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.'" (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). Wang had one letter from a church in New York to corroborate her attendance in 2014, but no evidence to corroborate a consistent practice of Christianity between 2014 and her 2018 hearing. Moreover, she could not remember the name or location of the church she allegedly attended in Tennessee, nor could she explain the absence of an updated letter from her New York church given her testimony that she attended weekly in the months leading up to the hearing.

This record supports the agency's conclusion that Wang failed to meet her burden of proof with credible testimony or corroborating evidence as her failure to establish her practice of Christianity undermined the foundation of her claim, *i.e.*, that she was a devout Christian who sent religious materials to China to try to convert friends and family. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Jin Shui Qiu*, 329 F.3d at 152. That determination is dispositive of asylum, withholding of removal, and CAT relief because all

6

three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Wang's remaining arguments fail. She contends that the IJ should not have relied on the fact that she sent her son to live in China, but the agency reasonably concluded that fact undermined her alleged fear because she sent her son to stay with her parents after her mother's alleged arrest and even though the police allegedly visited her parents' home. Nor was the agency required to give greater weight or further parse her documentary evidence. *See Y.C. v. Holder*, 741 F.3d 325, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."); *Jin Yi Liao v. Holder*, 558 F.3d 152, 156 n.3 (2d Cir. 2009) (explaining that the "agency is not required to expressly parse or refute . . . each . . . piece of evidence" and that "we will generally presume that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise" (cleaned up)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court